1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 18-cr-00466-BLF-7 |
| Plaintiff, | |
| v. | **ORDER DENYING UNITED STATES' REQUEST FOR REVIEW AND MOTION FOR REVOCATION OF PRETRIAL RELEASE ORDER** |
| ALEJO ALEX ALEGRE, | |
| Defendant. | [Re: ECF 30] |

On October 15, 2018, Magistrate Judge Susan van Keulen held a detention hearing and ordered the release of Defendant Alejo Alex Alegre ("Defendant" or "Alegre") pending trial over the Government's objection with conditions including no contact with gang members, location monitoring, and an unsecured bond in the amount of $200,000. *See* ECF 29; ECF 32. However, the Court stayed release until October 16, 2018, so that the United States ("the Government") could evaluate whether to file an appeal of the Court's pretrial release order. Subsequently, on October 16, 2018, the Government filed a Request for Review and Motion for Revocation of the Pretrial Release Order ("Motion"). Motion, ECF 30. The Court then continued the stay of Alegre's release through October 17, 2018, at 11:00 a.m., at which time the Court held a hearing on the Government's Motion. *See* ECF 33.

The Government requests revocation of Judge van Keulen's pretrial release order (ECF 32) on either or both of two grounds: (1) that Alegre is a danger to the community; and (2) that Alegre is a flight risk. Motion at 2. For the reasons stated below and on the record at the hearing on October 17, 2018, the Court finds the Government has failed to make the respective requisite showing as to either danger to the community or flight risk. Accordingly, the Government's Motion at ECF 30 is DENIED.

**I.     BACKGROUND**

On September 27, 2018, a federal grand jury returned a ten-count indictment against

1    Defendant Alegre and fourteen other defendants. *See* Indictment, ECF 13. The charges against

2    Alegre include Count 1, Racketeering Conspiracy in violation of 18 U.S.C. § 1962(d); Count 2,

3    Conspiracy to Commit Murder in Aid of Racketeering in violation of 18 U.S.C. § 1959(a)(5);

4    Count 3, Conspiracy to Commit Assault With a Dangerous Weapon in Aid of Racketeering in

5    violation of 18 U.S.C. § 1959(a)(6); Count 6, Attempted Murder in Aid of Racketeering in

6    violation of 18 U.S.C. § 1959(a)(5); and Count 7, Assault With a Dangerous Weapon in Aid of

7    Racketeering in violation of 18 U.S.C. § 1959(a)(3). *Id.* ¶¶ 58–92. The charges are based on

8    events taking place in 2013 or earlier, allegedly in furtherance of gang-related activity or on behalf

9    of the *Norteño* street gang. *See id.* ¶¶ 48, 89–92; Motion at 4–6. Alegre was arrested in

10   connection with these charges on October 10, 2018. Motion at 4.

11        In its Motion, the Government also alleges Alegre "has a long criminal history and

12   longstanding affiliation with the *Norteño* street gang." Motion at 4–5 (listing Alegre's alleged

13   gang-related activities). Alegre's most recent "gang-related activit[y]" as identified by the

14   Government is a 2015 photograph depicting Alegre and a co-defendant allegedly displaying gang

15   signs and sitting next to what appears to be a large bag of marijuana and holding a firearm.

16   Motion at 5.

17   **II.    LEGAL STANDARD**

18        This Court reviews *de novo* a magistrate judge's order regarding pretrial detention.

19   *United States v. Koenig*, 912 F.2d 1190, 1192 (9th Cir. 1990) ("There are ample reasons, then, for

20   concluding that the district court's review of a magistrate's detention order is to be conducted

21   without deference to the magistrate's factual findings.")

22        Pursuant to the Bail Reform Act of 1984, 18 U.S.C. §§ 3141, *et seq.*, persons facing trial

23   are to be released under the least restrictive condition or combination of conditions that will

24   "reasonably assure" the appearance of the person as required and the safety of the community.

25   *See* 18 U.S.C. § 3142(c)(2); *United States v. Gebro*, 948 F.2d 1118, 1121 (9th Cir. 1991); *United*

26   *States v. Motamedi*, 767 F.2d 1403, 1405 (9th Cir. 1985). "Only in rare circumstances should

27   release pending trial be denied, and doubts regarding the propriety of release should be resolved in

28   the defendant's favor." *Gebro*, 948 F.2d at 1121 (citing *Motamedi*, 767 F.2d at 1405). On a

2

1    motion for pretrial detention, the Government bears the burden of showing by a preponderance of

2    the evidence that the defendant poses a flight risk, and by clear and convincing evidence that the

3    defendant poses a danger to the community. *Gebro*, 948 F.2d at 1121; *Motamedi*, 767 F.2d at

4    1406–07.

5        Section 3142(g) of the Bail Reform Act contains the following factors to evaluate whether

6    there are any conditions of release that will "reasonably assure" a defendant's future appearances

7    and the safety of the community. 18 U.S.C. § 3142(g). These factors include: (1) the nature and

8    circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the

9    history and characteristics of the person including: (A) the defendant's character, physical and

10   mental condition, family ties, employment, financial resources, length of residence in the

11   community, community ties, past conduct, history relating to drug or alcohol abuse, criminal

12   history, and record concerning appearance at court proceedings; and (B) whether, at the time of

13   the current offense or arrest, the person was on probation, on parole, or on other release pending

14   trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local

15   law; and (4) the nature and seriousness of the danger to any person or the community that would

16   be posed by the defendant's release. *United States v. Winsor*, 785 F.2d 755, 757 (9th Cir. 1986);

17   *Motamedi*, 767 F.2d at 1407. "Of these factors, the weight of the evidence is the least important,

18   and the statute neither requires nor permits a pretrial determination of guilt." *Gebro*, 948 F.2d at

19   1121 (citing *Winsor*, 785 F.2d at 757); *see also* Motamedi, 767 F.2d at 1408. Evidence of guilt is

20   relevant only in terms of the likelihood that the defendant will fail to appear or will pose a danger

21   to the community. *Winsor*, 785 F.2d at 757.

22       After a court determines whether a defendant should be detained or released pretrial, the

23   Bail Reform Act provides that the decision may be reopened at any time before trial:

24           if the judicial officer finds that information exists that was not known
             to the movant at the time of the hearing and that has a material bearing
25           on the issue whether there are conditions of release that will
             reasonably assure the appearance of such person as required and the
26           safety of any other person and the community.

27   18 U.C.S. § 3142(f).

28

## III.   DISCUSSION

As a preliminary matter, and as the Government acknowledged at the hearing on October 17, 2018, this is not a "presumption" case under 18 U.S.C. § 3142(e)(3).  Thus, there is no burden of production on Defendant Alegre to put forth credible evidence to rebut the presumption "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community," because that presumption is inapplicable here. 18 U.S.C. § 3142(e)(3).

In its Motion and at the hearing on October 17, 2018 ("the Hearing"), the Government argued that Judge van Keulen's order for pretrial release of Alegre should be revoked on either "danger to the community" or "flight risk" grounds, or both.  Motion at 2.  The Court discusses each of the two grounds in turn.

### A.   Danger to the Community

On a motion for pretrial detention, the Government bears the burden of showing by clear and convincing evidence that the defendant poses a danger to the community.  *Gebro,* 948 F.2d at 1121.  Here, the Government has not shown by clear and convincing evidence that Alegre poses a danger to the community, notwithstanding the seriousness of the charges against Alegre. Although the Government states that "[g]ang activity and its corresponding violence are prevalent in our communities" and alleges that Alegre is an "active gang member," *see* Motion at 8, the Government has not put forth clear and convincing evidence that Alegre has been involved in gang activity since 2015.  The Government merely puts forth the contention[1] that Alegre admitted to being "an active gang member" during his booking classification interview after his arrest on October 10, 2018.  However, even if the Court accepts that this statement was made, it would not amount to "clear and convincing" evidence of danger to the community in light of Alegre's counsel's argument that the Court should not rely on the truthfulness of this statement because Alegre would be in serious danger in jail if he stated he had left the gang.

Moreover, Alegre submitted evidence showing that prior to his arrest, Alegre initiated the process of removing multiple facial tattoos, according to a letter from the Catholic Charities

---

[1] This contention was proffered by the Government at the hearing on October 17, 2018.

1   Diocese of Monterey that Alegre submitted to the Court at the hearing on October 17, 2018.  In

2   addition, as discussed on the record at the Hearing, there is evidence that over the past three-plus

3   years, Alegre has maintained steady employment, a stable living environment, and stable

4   relationships with his mother and significant other, respectively.  There were no reported arrests

5   between 2015 and the arrest in this case for conduct alleged to have occurred in 2013.  These

6   factors weigh against a finding of danger to the community, along with the passage of time—at

7   least three years—without allegations of violent behavior.  *See Winsor*, 785 F.2d at 757.  Finally,

8   Alegre's conditions of pretrial release include electronic location monitoring, drug and alcohol

9   testing, supervision, and no contact with gang members.  *See* ECF 32.  These conditions reduce

10  the likelihood that Alegre would carry out gang activities threatening the safety of the community

11  while on pretrial release.

12       The Court is aware that Alegre was allegedly in possession of five grams of heroin when

13  arrested in connection with this case on October 10, 2018.  *See* Motion at 4.  However, the

14  Government has not sufficiently linked Alegre's alleged possession of heroin to gang-related

15  activity or other dangerous activity to show by clear and convincing evidence that Alegre poses a

16  danger to the community if released under the pretrial conditions ordered by Judge van Keulen.

17  The Court also recognizes that the seriousness of the charges against Alegre are not diminished by

18  the passage of time.  Further, there is ample evidence that Alegre was previously an active gang

19  member.  But, even considering this evidence, the Court does not find by clear and convincing

20  evidence that Alegre poses a danger to the community at present that cannot be adequately

21  addressed by the conditions imposed based on the record before the Court.

22       **B.    Flight Risk**

23       To detain a defendant pretrial on flight risk grounds, the Government bears the burden of

24  showing by a preponderance of the evidence that the defendant poses a flight risk.  *Gebro*, 948

25  F.2d at 1121.  Here, the Government has not shown by a preponderance of the evidence that

26  Alegre poses a flight risk.  The Government makes only a conclusory argument that "[g]iven the

27  serious prison time [Alegre] is facing [], he has a greater incentive to flee."  *See* Motion at 4.  The

28  Government offers no history of flight or risk of flight in Alegre's record.  Moreover, as discussed

above, Alegre has ties to the community, including employment, his family, and his relationship.

In addition, the pretrial conditions imposed by Judge van Keulen, including location monitoring

and the unsecured $200,000 bond signed for by Alegre's mother and Alegre's close friend,

militate against flight risk.

## IV.    CONCLUSION

For the foregoing reasons and as discussed on the record at the hearing on October 17,

2018, the Government's Request for Review and Motion for Revocation of Pretrial Release Order

at ECF 30 is DENIED.

**IT IS SO ORDERED.**

Dated: October 22, 2018

_____

BETH LABSON FREEMAN
United States District Judge